RECEIVED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAR 2 5 2019

JAMES N. HATTEN, Clerk
By:  Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

Case # **2019** _____

D'AJA THOMPSON
    Plaintiff

v.

**1:19-CV-1319**

DIVERSIFIED CONSULTANTS INC
    Defendant

---

### VERIFIED COMPLAINT for RELIEF

---

Plaintiff, D'AJA THOMPSON, individually, hereby sues Defendant DIVERSIFIED
CONSULTANTS INC for violations of the Telephone Consumer Protection Act (TCPA) 47
USC §227 and the Fair Debt Collection Practices Act (FDCPA) 15 USC §1692.

### PRELIMINARY STATEMENT

1.    This is an action for damages and injunctive relief brought by Plaintiff
against Defendant for violations of the Telephone Consumer Protection
Act (TCPA) 47 USC §227 ET AL and Fair Debt Collection Practices Act
(FDCPA) 15 USC §1692c(a).

2.    Upon belief and information, Plaintiff contends that many of these
practices are widespread and common actions of the Defendant.

3.    Plaintiff contends that the Collection Company Defendant has violated
such laws by repeatedly harassing Plaintiff in attempts to collect alleged
but nonexistent debt.

## JURISDICTION AND VENUE

4.  Jurisdiction of this Court arises under, 47 USC §227(b)(3), 15 USC

    §1692k(d), 28 USC §1367.

5.  Venue is proper pursuant to 28 USC §1391b. Venue in this District is

    proper in that the Plaintiff resides here, the Defendants transact business

    here, and the conduct complained of occurred here.

6.  This is an action for damages less than $138,500.00.

## PARTIES

7.  Plaintiff, D'AJA THOMPSON, is a natural person and is a resident of

    Clayton County, Georgia.

8.  Upon information and belief Defendant, DIVERSIFIED CONSULTANTS

    INC ("DCI") is a foreign corporation, authorized to do business in Florida.

    It's registered agent and it's office is John Crawford RESQ, 1200

    Riverplace Boulevard, Suite 800, Jacksonville, FL 32207.

9.  Defendant DCI is a debt collector, subject to the FDCPA, 15 USC §1692 &

    seq.

## FACTUAL ALLEGATIONS

10. Plaintiff has no prior or present business relationship with the Defendant

    DCI.

11.     Plaintiff has never given Defendant express written permission to call Plaintiff's cellular phone.

12.     Plaintiff has no contractual obligation to pay Defendant.

13.     On or about April 9, 2015 at 8:09 a.m. Defendant called plaintiff's cellular phone appearing to have used an Automatic Telephone Dialing System (ATDS).

14.     On or about April 10, 2015 at 9:44 a.m. Defendant called plaintiff's cellular phone appearing to have used an Automatic Telephone Dialing System (ATDS).

15.     On or about April 10, 2015 at 3:30 p.m. Defendant called plaintiff's cellular phone appearing to have used an Automatic Telephone Dialing System (ATDS).

16.     On or about April 13, 2015 at 8:23 a.m. Defendant called plaintiff's cellular phone appearing to have used an Automatic Telephone Dialing System (ATDS).

17.     On or about April 14, 2015 at 8:12 a.m. Defendant called plaintiff's cellular phone appearing to have used an Automatic Telephone Dialing System (ATDS).

18.      On or about April 14, 2015 at 3:19 p.m. Defendant called plaintiff's cellular phone appearing to have used an Automatic Telephone Dialing System (ATDS).

19.     On or about April 15, 2015 at 8:13 a.m. Defendant called plaintiff's cellular phone appearing to have used an Automatic Telephone Dialing System (ATDS).

20.    On or about April 15, 2015 at 4:45 p.m. Defendant called plaintiff's cellular phone appearing to have used an Automatic Telephone Dialing System (ATDS).

21.    On or about April 16, 2015 at 8:13 a.m. Defendant called plaintiff's cellular phone appearing to have used an Automatic Telephone Dialing System (ATDS).

22.    On or about October April 16, 2015 at 4:35 p.m. Defendant called plaintiff's cellular phone appearing to have used an Automatic Telephone Dialing System (ATDS).

23.    On or about April 17, 2015 at 8:07 a.m. Defendant called plaintiff's cellular phone appearing to have used an Automatic Telephone Dialing System (ATDS).

24.    On or about April 17, 2015 at 6:36 p.m. Defendant called plaintiff's cellular phone appearing to have used an Automatic Telephone Dialing System (ATDS).

25.    On or about April 18, 2015 at 10:29 a.m. Defendant called plaintiff's cellular phone appearing to have used an Automatic Telephone Dialing System (ATDS).

26.    On or about April 20, 2015 at 8:42 a.m. Defendant called plaintiff's cellular phone appearing to have used an Automatic Telephone Dialing System (ATDS).

27.    On or about April 21, 2015 at 5:17 p.m. Defendant called plaintiff's cellular phone appearing to have used an Automatic Telephone Dialing System (ATDS).

28.    On or about April 22, 2015 at 8:27 a.m. Defendant called plaintiff's cellular phone appearing to have used an Automatic Telephone Dialing System (ATDS).

29.    On or about April 23, 2015 at 8:18 p.m. Defendant called plaintiff's cellular phone appearing to have used an Automatic Telephone Dialing System (ATDS).

30.    On or about April 29, 2015 at 6:50 p.m. Defendant called plaintiff's cellular phone appearing to have used an Automatic Telephone Dialing System (ATDS).

31.    On or about May 2, 2015 at 1:31 p.m. Defendant called plaintiff's cellular phone appearing to have used an Automatic Telephone Dialing System (ATDS).

32.    On or about May 12, 2015 at 6:52 p.m. Defendant called plaintiff's cellular phone appearing to have used an Automatic Telephone Dialing System (ATDS).

33.    On or about May 14, 2015 at 9:34 a.m. Defendant called plaintiff's cellular phone appearing to have used an Automatic Telephone Dialing System (ATDS).

34.     On or about May 15, 2015 at 8:37 a.m. Defendant called plaintiff's cellular phone appearing to have used an Automatic Telephone Dialing System (ATDS).

35.     On or about May 16, 2015 at 3:29 p.m. Defendant called plaintiff's cellular phone appearing to have used an Automatic Telephone Dialing System (ATDS).

36.     On or about May 18, 2015 at 10:26 a.m. Defendant called plaintiff's cellular phone appearing to have used an Automatic Telephone Dialing System (ATDS).

37.     On or about May 19, 2015 at 9:18 a.m. Defendant called plaintiff's cellular phone appearing to have used an Automatic Telephone Dialing System (ATDS).

38.     On or about May 20, 2015 at 8:56 a.m. Defendant called plaintiff's cellular phone appearing to have used an Automatic Telephone Dialing System (ATDS).

39.     On or about May 22, 2015 at 8:44 a.m. Defendant called plaintiff's cellular phone appearing to have used an Automatic Telephone Dialing System (ATDS).

40.     On or about May 26, 2015 at 12:17 p.m. Defendant called plaintiff's cellular phone appearing to have used an Automatic Telephone Dialing System (ATDS).

41.     On or about May 29, 2015 at 8:25 a.m. Defendant called plaintiff's cellular phone appearing to have used an Automatic Telephone Dialing System (ATDS).

42.     On or about May 29, 2015 at 7:29 p.m. Defendant called plaintiff's cellular phone appearing to have used an Automatic Telephone Dialing System (ATDS).

43.     On or about May 30, 2015 at 12:18 p.m. Defendant called plaintiff's cellular phone appearing to have used an Automatic Telephone Dialing System (ATDS).

44.     On or about June 1, 2015 at 10:18 a.m. Defendant called plaintiff's cellular phone appearing to have used an Automatic Telephone Dialing System (ATDS).

45.     On or about June 2, 2015 at 8:51 a.m. Defendant called plaintiff's cellular phone appearing to have used an Automatic Telephone Dialing System (ATDS).

46.     On or about June 3, 2015 at 10:56 a.m. Defendant called plaintiff's cellular phone appearing to have used an Automatic Telephone Dialing System (ATDS).

47.     On or about June 4, 2015 at 9:42 a.m. Defendant called plaintiff's cellular phone appearing to have used an Automatic Telephone Dialing System (ATDS).

48.     On or about June 5, 2015 at 11:16 a.m. Defendant called plaintiff's cellular
        phone appearing to have used an Automatic Telephone Dialing System
        (ATDS).

49.     On or about June 9, 2015 at 11:47 a.m. Defendant called plaintiff's cellular
        phone appearing to have used an Automatic Telephone Dialing System
        (ATDS).

50.     On or about June 10, 2015 at 5:56 p.m. Defendant called plaintiff's cellular
        phone appearing to have used an Automatic Telephone Dialing System
        (ATDS).

51.     On or about June 12, 2015 at 8:53 a.m. Defendant called plaintiff's cellular
        phone appearing to have used an Automatic Telephone Dialing System
        (ATDS).

52.     On or about June 13, 2015 at 3:37 p.m. Defendant called plaintiff's cellular
        phone appearing to have used an Automatic Telephone Dialing System
        (ATDS).

53.     On or about June 15, 2015 at 9:09 a.m. Defendant called plaintiff's cellular
        phone appearing to have used an Automatic Telephone Dialing System
        (ATDS).

54.     On or about June 18, 2015 at 9:40 a.m. Defendant called plaintiff's cellular
        phone appearing to have used an Automatic Telephone Dialing System
        (ATDS).

55.    On or about June 19, 2015 at 11:05 a.m. Defendant called plaintiff's
       cellular phone appearing to have used an Automatic Telephone Dialing
       System (ATDS).

56.    On or about June 20, 2015 at 2:34 p.m. Defendant called plaintiff's cellular
       phone appearing to have used an Automatic Telephone Dialing System
       (ATDS).

57.    On or about June 24, 2015 at 10:50 a.m. Defendant called plaintiff's
       cellular phone appearing to have used an Automatic Telephone Dialing
       System (ATDS).

58.    On or about June 25, 2015 at 11:21 a.m. Defendant called plaintiff's
       cellular phone appearing to have used an Automatic Telephone Dialing
       System (ATDS).

59.    On or about June 26, 2015 at 9:03 a.m. Defendant called plaintiff's cellular
       phone appearing to have used an Automatic Telephone Dialing System
       (ATDS).

60.    On or about June 30, 2015 at 11:27 a.m. Defendant called plaintiff's
       cellular phone appearing to have used an Automatic Telephone Dialing
       System (ATDS).

61.    On or about July 1, 2015 at 10:03 a.m. Defendant called plaintiff's cellular
       phone appearing to have used an Automatic Telephone Dialing System
       (ATDS).

62.     On or about July 1, 2015 at 6:08 p.m. Defendant called plaintiff's cellular
        phone appearing to have used an Automatic Telephone Dialing System
        (ATDS).

63.     On or about July 1, 2015 at 10:03 a.m. Defendant called plaintiff's cellular
        phone appearing to have used an Automatic Telephone Dialing System
        (ATDS).

64.     On or about July 2, 2015 at 9:10 a.m. Defendant called plaintiff's cellular
        phone appearing to have used an Automatic Telephone Dialing System
        (ATDS).

65.     On or about July 6, 2015 at 11:15 a.m. Defendant called plaintiff's cellular
        phone appearing to have used an Automatic Telephone Dialing System
        (ATDS).

66.     On or about July 7, 2015 at 1:18 p.m. Defendant called plaintiff's cellular
        phone appearing to have used an Automatic Telephone Dialing System
        (ATDS).

67.     On or about July 8, 2015 at 10:39 a.m. Defendant called plaintiff's cellular
        phone appearing to have used an Automatic Telephone Dialing System
        (ATDS).

68.     On or about July 9, 2015 at 11:47 a.m. Defendant called plaintiff's cellular
        phone appearing to have used an Automatic Telephone Dialing System
        (ATDS).

69.     On or about July 10, 2015 at 9:06 a.m. Defendant called plaintiff's cellular
        phone appearing to have used an Automatic Telephone Dialing System
        (ATDS).

70.     On or about July 16, 2015 at 12:09 p.m. Defendant called plaintiff's
        cellular phone appearing to have used an Automatic Telephone Dialing
        System (ATDS).

71.     On or about July 21, 2015 at 10:09 a.m. Defendant called plaintiff's
        cellular phone appearing to have used an Automatic Telephone Dialing
        System (ATDS).

72.     On or about July 22, 2015 at 9:16 a.m. Defendant called plaintiff's cellular
        phone appearing to have used an Automatic Telephone Dialing System
        (ATDS).

73.     On or about July 24, 2015 at 9:10 a.m. Defendant called plaintiff's cellular
        phone appearing to have used an Automatic Telephone Dialing System
        (ATDS).

74.     On or about July 28, 2015 at 11:37 a.m. Defendant called plaintiff's
        cellular phone appearing to have used an Automatic Telephone Dialing
        System (ATDS).

75.     On or about July 29, 2015 at 10:45 a.m. Defendant called plaintiff's
        cellular phone appearing to have used an Automatic Telephone Dialing
        System (ATDS).

76.     On or about July 30, 2015 at 8:45 a.m. Defendant called plaintiff's cellular phone appearing to have used an Automatic Telephone Dialing System (ATDS).

77.     On or about July 31, 2015 at 8:29 a.m. Defendant called plaintiff's cellular phone appearing to have used an Automatic Telephone Dialing System (ATDS).

78.     On or about August 1, 2015 at 12:20 p.m. Defendant called plaintiff's cellular phone appearing to have used an Automatic Telephone Dialing System (ATDS).

79.     On or about August 3, 2015 at 10:16 a.m. Defendant called plaintiff's cellular phone appearing to have used an Automatic Telephone Dialing System (ATDS).

80.     On or about August 4, 2015 at 10:22 a.m. Defendant called plaintiff's cellular phone appearing to have used an Automatic Telephone Dialing System (ATDS).

81.     On or about August 5, 2015 at 12:35 p.m. Defendant called plaintiff's cellular phone appearing to have used an Automatic Telephone Dialing System (ATDS).

82.     On or about August 6, 2015 at 9:29 a.m. Defendant called plaintiff's cellular phone appearing to have used an Automatic Telephone Dialing System (ATDS).

83.     On or about August 7, 2015 at 9:16 a.m. Defendant called plaintiff's cellular phone appearing to have used an Automatic Telephone Dialing System (ATDS).

84.     On or about August 10, 2015 at 10:50 a.m. Defendant called plaintiff's cellular phone appearing to have used an Automatic Telephone Dialing System (ATDS).

85.     On or about August 12, 2015 at 9:42 a.m. Defendant called plaintiff's cellular phone appearing to have used an Automatic Telephone Dialing System (ATDS).

86.     On or about August 13, 2015 at 10:17 a.m. Defendant called plaintiff's cellular phone appearing to have used an Automatic Telephone Dialing System (ATDS).

87.     On or about August 15, 2015 at 12:44 p.m. Defendant called plaintiff's cellular phone appearing to have used an Automatic Telephone Dialing System (ATDS).

88.     On or about August 17, 2015 at 10:26 a.m. Defendant called plaintiff's cellular phone appearing to have used an Automatic Telephone Dialing System (ATDS).

89.     On or about August 18, 2015 at 9:00 a.m. Defendant called plaintiff's cellular phone appearing to have used an Automatic Telephone Dialing System (ATDS).

90.     On or about August 20, 2015 at 3:33 p.m. Defendant called plaintiff's
        cellular phone appearing to have used an Automatic Telephone Dialing
        System (ATDS).

91.     On or about August 21, 2015 at 8:38 a.m. Defendant called plaintiff's
        cellular phone appearing to have used an Automatic Telephone Dialing
        System (ATDS).

92.     On or about August 22, 2015 at 11:39 a.m. Defendant called plaintiff's
        cellular phone appearing to have used an Automatic Telephone Dialing
        System (ATDS).

93.     On or about August 24, 2015 at 10:12 a.m. Defendant called plaintiff's
        cellular phone appearing to have used an Automatic Telephone Dialing
        System (ATDS).

94.     On or about August 25, 2015 at 9:44 a.m. Defendant called plaintiff's
        cellular phone appearing to have used an Automatic Telephone Dialing
        System (ATDS).

95.     On or about August 26, 2015 at 3:48 p.m. Defendant called plaintiff's
        cellular phone appearing to have used an Automatic Telephone Dialing
        System (ATDS).

96.     On or about August 28, 2015 at 9:18 a.m. Defendant called plaintiff's
        cellular phone appearing to have used an Automatic Telephone Dialing
        System (ATDS).

97.     On or about September 2, 2015 at 9:18 a.m. Defendant called plaintiff's cellular phone appearing to have used an Automatic Telephone Dialing System (ATDS).

98.     On or about September 8, 2015 at 10:41 a.m. Defendant called plaintiff's cellular phone appearing to have used an Automatic Telephone Dialing System (ATDS).

99.     On or about September 9, 2015 at 10:22 a.m. Defendant called plaintiff's cellular phone appearing to have used an Automatic Telephone Dialing System (ATDS).

100.    On or about October 12, 2015 at 12:48 p.m. Defendant called plaintiff's cellular phone appearing to have used an Automatic Telephone Dialing System (ATDS).

101.    On or about October 13, 2015 at 1:23 p.m. Defendant called plaintiff's cellular phone appearing to have used an Automatic Telephone Dialing System (ATDS).

102.    On or about October 14, 2015 at 12:27 p.m. Defendant called plaintiff's cellular phone appearing to have used an Automatic Telephone Dialing System (ATDS).

103.    On or about October 15, 2015 at 12:27 p.m. Defendant called plaintiff's cellular phone appearing to have used an Automatic Telephone Dialing System (ATDS).

104.    On or about October 16, 2015 at 2:20 p.m. Defendant called plaintiff's cellular phone appearing to have used an Automatic Telephone Dialing System (ATDS).

105.    On or about October 19, 2015 at 11:35 a.m. Defendant called plaintiff's cellular phone appearing to have used an Automatic Telephone Dialing System (ATDS).

106.    On or about October 21, 2015 at 10:13 a.m. Defendant called plaintiff's cellular phone appearing to have used an Automatic Telephone Dialing System (ATDS).

## COUNT I
## VIOLATIONS OF THE TELEPHONE COMMUNICATIONS ACT 47 USC §227(b)(1)(A) BY DEFENDANT DIVERSIFIED CONSULTANTS INC

107.    Plaintiff alleges and incorporates the information in paragraphs 1 through 106.

108.    Defendant DCI have demonstrated willful or knowing non-compliance with 47 USC §227(b)(1)(A) by using an automatic telephone dialing system to call the Plaintiff's number.

109.    47 USC §227(b)(1)(A) states in part;

(b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT.—

(1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

110.    Defendant has called the Plaintiffs phone no less than 93 times using an ATDS.

111.    Defendant has demonstrated willful or knowing non-compliance with 47 USC §227(b)(1)(A) by calling the Plaintiff's number no less than 93 times and using an automatic dialing system and a prerecorded voice. The 93 calls are subject to treble damages pursuant to 47 USC §227(b)(3) as they were intentional.

112.    Plaintiff spoke with Defendant employee on or about April 18, 2015 asking DCI to stop calling plaintiff's cellular phone.

113.    Defendant assured the plaintiff would stop.

114.    Defendant refuses to cease communication and appears to continue to violate 47 USC §227.

115.    47 USC §227 carries damages in the amount of $500 for each violation, and treble damages in the amount of $1500 per violation.

116.    Plaintiff and DCI do not have an established business relationship within the meaning of 47 USC §227. Plaintiff is entitled to damages of $1500 per violation pursuant to 47 USC §227(b)(3)(B).

**WHEREFORE,** Plaintiff demands judgment for damages against DCI for actual, statutory, and punitive damages, attorney's fees and costs, pursuant to 47 U.S.C §227.

## COUNT II
## VIOLATIONS OF THE TELEPHONE COMMUNICATIONS ACT 47 USC §227(b)(1)(A)(iii) BY DIVERSIFIED CONSULTANTS INC

117.    Plaintiff alleges and incorporates the information in paragraphs 1 through 116.

118.     Defendant has called the Plaintiffs cellular phone no less than 93

times contrary to 47 USC §227(b)(1)(A)(iii).

119.     47 USC §227(b)(1)(A)(iii) states in part;

(1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

120.     Defendant has demonstrated willful or knowing non-compliance with 47

USC §227(b)(1)(A)(iii) by calling the Plaintiff's number no less than 93

times, which is assigned to a cellular telephone service. The Plaintiff has

never given DCI permission to call Plaintiffs cellular phone.

121.     The 93 calls are subject to treble damages pursuant to 47 USC §227(b)(3)

as they were intentional.

122.     Plaintiff spoke with Defendant employee on or about April 18, 2015

asking DCI to stop calling plaintiff's cellular phone.

123.     Defendant refuses to cease communication and continues to violate 47

USC.

124.     47 USC §227 each carries damages in the amount of $500 for each

violation, and treble damages in the amount of $1500 per violation.

125.     Plaintiff and DCI do not have an established business relationship within

the meaning of 47 USC §227.

126. Plaintiff is entitled to damages of $500 per violation pursuant to 47 USC §227(b)(3)(B).

**WHEREFORE,** Plaintiff demands judgment for damages against DCI for actual, statutory, and punitive damages, attorney's fees and costs, pursuant to 47 U.S.C §227.

### COUNT III
### VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 USC §1692 BY DEFENDANT DIVERSIFIED CONSULTANTS INC

127. Plaintiff alleges and incorporates the information in paragraphs 1 through 126.

128. Plaintiff is a consumer within the meaning of 15 USC §1692a(3).

129. Defendant is a debt collector within the meaning of 15 USC §1692a(6).

130. Defendant violated 15 USC §1692e(4) by claim, attempt, or threatening to enforce a debt when such a person knows that the debt is not legitimate or asserts the existence of some other legal right when such person knows that the right does not exist.

131. Such communication is prohibited by 15 USC §1692b(3).

132. 15 USC §1692b(3) states in part;

Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall-

(3) Not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information;

**WHEREFORE,** Plaintiff demands judgment for damages against DCI for actual, statutory, and punitive damages, attorney's fees and costs, pursuant to 15 USC §1692.

## COUNT IV
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 USC §1692d(5) BY DEFENDANT DIVERSIFIED CONSULTANTS INC

133.   Plaintiff alleges and incorporates the information in paragraphs 1 through 132.

134.   Defendant violated 15 USC §1692d(5) by calling the Plaintiff no less than 93 times causing the Plaintiff's phone to ring repeatedly and/or continuously with the intent to annoy, abuse, or harass the Plaintiff with no prior permission given by Plaintiff.

135.   This intentional and repeated calling by DCI has caused the Plaintiff undue stress, relationship issues, nervousness and embarrassment.

136.   15 USC §1692d(5) states in part;

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(5)   Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

**WHEREFORE,** Plaintiff demands judgment for damages against DCI for actual, statutory, and punitive damages, attorney's fees and costs, pursuant to 15 USC §1692.

## COUNT V
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 USC §1692d(6) BY DEFENDANT DIVERSIFIED CONSULTANTS INC

137.   Plaintiff alleges and incorporates the information in paragraphs 1 through 136.

138.     Defendant violated 15 USC §1692d(6) by calling the Plaintiff without

meaningful disclosure of the caller's identity no less than 93 times and with

no prior permission given by Plaintiff.

139.     15 USC §1692d(6) states in part;

A debt collector may not engage in any conduct the natural consequence of
which is to harass, oppress, or abuse any person in connection with the
collection of a debt. Without limiting the general application of the foregoing,
the following conduct is a violation of this section:

(6)     The placement of telephone calls without meaningful disclosure of the
caller's identity.

**WHEREFORE,** Plaintiff demands judgment for damages against DCI for actual, statutory, and

punitive damages, attorney's fees and costs, pursuant to 15 USC §1692.

## COUNT VI
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 USC §1692e(10) BY DEFENDANT DIVERSIFIED CONSULTANTS INC

140.     Plaintiff alleges and incorporates the information in paragraphs 1 through

139.

141.     Defendants violated 15 USC §1692e(10) by the use of false representation

or deceptive means to collect or attempt to collect a debt or to obtain

information concerning a consumer.

142.     15 USC §1692e(10) states in part;

A debt collector may not use any false, deceptive, or misleading
representation or means in connection with the collection of any debt. Without
limiting the general application of the foregoing, the following conduct is a
violation of this section:

(10)     The use of any false representation or deceptive means to collect or
attempt to collect any debt or to obtain information concerning a consumer.

**WHEREFORE,** Plaintiff demands judgment for damages against DCI for actual, statutory, and punitive damages, attorney's fees and costs, pursuant to 15 USC §1692.

## COUNT VII
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 USC §1692e(11) BY DEFENDANT DIVERSIFIED CONSULTANTS INC

143.     Plaintiff alleges and incorporates the information in paragraphs 1 through 142.

144.     Defendant violated 15 USC §1692e(11) by failing to notify the Plaintiff that the Defendant DCI was "attempting to collect a debt and that any information obtained will be used for that purpose" in the initial communication with the Plaintiff, which was oral.

145.     Defendant violated 15 USC §1692e(11) by calling the Plaintiff's telephone no less than 93 times and failing to disclose in any one of those 93 subsequent communications that the communication is from a debt collector.

146.     15 USC §1692e(11) states in part;

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(11)     The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

**WHEREFORE,** Plaintiff demands judgment for damages against DCI for actual, statutory, and punitive damages, attorney's fees and costs, pursuant to 15 USC §1692.

Respectfully Submitted,

D'AJA THOMPSON

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted this 25 day of March, 2019.

D'AJA THOMPSON
1778 Broad River Rd
College Park, GA 30349
404.593.8409
bluefroggo@outlook.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing will be electronically mailed to all parties on the service list this 25 day of March, 2019.

Respectfully,

D'AJA THOMPSON
1778 Broad River Rd
College Park, GA 30349
bluefroggo@outlook.com